**Yaddy Ricardo AGUDELO, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Michael Chertoff, Secretary of United States Department of Homeland Security, Respondents.**

No. 06–0510–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2007.

Yaddy Ricardo Agudelo, Oregon, WI, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, F. Franklin Amanat, Kevin P. Mulry, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yaddy Ricardo Agudelo, a native and citizen of Colombia, seeks review of a January 5, 2006 order of the BIA affirming the September 8, 2004 decision of Immigration Judge ("IJ") Matthew J. D'Angelo pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Agudelo, Yaddy Ricardo,* No. A79 076 761 (B.I.A. Jan. 5, 2006), *aff'g* No. A79 076 761 (Immig. Ct. Hartford Sept. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S.*

*Dept. of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007). We review questions of law *de novo*. *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

■ As an initial matter, this Court lacks jurisdiction to review the agency's decision to pretermit Agudelo's asylum application. Because Agudelo challenges only purely factual determinations and the agency's exercise of discretion, we are without jurisdiction to consider his arguments and dismiss the petition for review to that extent. 8 U.S.C. § 1158(a)(3).

■ Proceeding to consider Agudelo's arguments regarding the denial of his withholding and CAT applications, we find that the IJ correctly found that Agudelo had not met his burden of proof on either claim. Persecution is an extreme concept that does not include all treatment that our society regards as offensive. *Ai Feng Yuan v. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (referencing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). This Court has explained that to constitute persecution, alleged mistreatment must rise above mere harassment, but is not limited to threats to life or freedom; non-life-threatening violence and physical abuse may also rise to the level of persecution. *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). However, threats alone do not generally rise to the level of past persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (stating that a "threat of detention ... itself ... is not past persecution"). In some instances, it may be possible to establish asylum eligibility based on harm that an applicant suffered only indirectly, or that was directed at an applicant's relatives. *See Jorge–Tzoc v.*

*Gonzales*, 435 F.3d 146, 150 (2d Cir.2006). Here, the IJ reasonably found that Agudelo had not demonstrated past persecution. Agudelo testified that members of Auto Defensas requested that he pay a "vacuna" (apparently the Spanish word for protection money); however, although Agudelo feared that the group would assassinate him if he did not cooperate, he never paid the vacuna and remained in Colombia for two years thereafter without consequence. To the extent that Agudelo argues that he suffered past persecution based on the harm suffered by his relatives, this claim is without merit, as Agudelo's adult observation of his uncle's dead body alone does not rise to the level of past persecution. *Cf. Jorge–Tzoc*, 435 F.3d at 150 (finding that an asylum applicant who had not been present at or directly victimized by a village massacre may have nonetheless experienced past persecution). Accordingly, the IJ reasonably concluded that Agudelo had not suffered past persecution. *See Tian–Yong Chen*, 359 F.3d at 128.

■ Even if Agudelo had suffered past persecution, his claim would fail because the agency properly found that he did not establish a nexus to a protected ground. To establish eligibility for relief, applicants for withholding of removal are required to demonstrate that the persecution they fear or have suffered bears a nexus to a protected ground. *See Matter of S–P–*, 21 I. & N. Dec. 486, 494–95 (BIA 1996). An imputed political opinion, "whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005) (internal alterations and quotations omitted). As we have held, "[t]he plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution solely on account of the victim's political opinion" and may involve a mixed motive. *See Osorio v. INS*, 18 F.3d 1017,

1028 (2d Cir.1994). Here, however, the IJ reasonably found that Agudelo failed to demonstrate a nexus to a protected ground. Agudelo did not testify to any political involvement, nor did he testify that he was perceived as politically involved. To the contrary, Agudelo's testimony suggests that he was targeted because he owned a business and presumably had money, as well as vehicles that would be useful to a guerilla group. Furthermore, there is no indication that Agudelo's refusal to cooperate was perceived as having a political dimension. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir.2005). Thus, the record does not suggest that Agudelo was targeted, even in part, for his imputed political opinion. *See Osorio*, 18 F.3d at 1028. Accordingly, the IJ correctly found that Agudelo had not established a nexus to a protected ground and his denial of withholding of removal on that basis was not in error. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

With respect to Agudelo's CAT claim, the agency properly found that he did not present any evidence that he would likely face torture upon his return to Colombia. Moreover, he testified that his family in Colombia continued to live and work without consequence. Accordingly, the IJ correctly found that Agudelo had not shown that he would more likely than not be tortured, and, thus, was not eligible for CAT relief. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).